Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/26/2023 09:08 AM CDT

- 346 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Benjamin E. Maxell, respondent.
___ N.W.2d ___

Filed May 26, 2023.    No. S-22-195.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Benjamin E. Maxell, on March 31, 2023. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 19, 2003. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Omaha, Nebraska. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Second Judicial District.

On June 7, 2021, we administratively suspended the respondent's license to practice law due to his failure to report his continuing legal education compliance for the year 2020. His license remains suspended.

- 347 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

On March 24, 2022, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. A referee was appointed on June 21.

On February 22, 2023, the relator filed amended formal charges. The amended formal charges consist of 13 counts and allege violations of the following Nebraska Rules of Professional Conduct (disciplinary rules): Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3-501.3 (diligence), 3-501.4 (communications), 3-508.1 (response to disciplinary matters), and 3-508.4(a) through (d) (rev. 2016) (misconduct), as well as his oath of office as an attorney licensed in the State of Nebraska, Neb. Rev. Stat. § 7-104 (Reissue 2022).

On March 31, 2023, the respondent filed a voluntary surrender of his license to practice law. The respondent states that for purposes of this voluntary surrender, he knowingly does not challenge or contest the allegations of the amended formal charges, that he freely and voluntarily consents to the entry of an order of disbarment, and that he waives his right to notice, appearing, or hearing prior to the entry of disbarment.

*Count I.*

In early 2020, the respondent was retained by Joseph and Kathy Ellis to defend them in a civil contract suit, and he filed an appearance in the district court for Douglas County, Nebraska, on their behalf. The respondent caused delays and failed to respond for several months to discovery requests on behalf of his clients, despite several emails and a motion to compel discovery. In November 2020, without notifying his clients, the respondent stipulated that they would submit discovery responses within 21 days. The respondent did not submit the discovery responses within 21 days, or at any time thereafter. On February 4, 2021, opposing counsel moved to compel the Ellises to submit their discovery responses and for sanctions. Following a hearing, the district court ordered

- 348 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

the Ellises to file answers to interrogatories by March 16 or their answer would be struck. The court assessed a sanction of $750 against the Ellises for the plaintiff's attorney fees. The respondent did not inform his clients of these proceedings.

Subsequently, the respondent failed to notify his clients that the plaintiff had filed a motion for partial summary judgment against them or that a hearing was set on the motion. The respondent failed to appear at the hearing, and the district court granted the motion for summary judgment.

After the respondent's license to practice law was administratively suspended by the Nebraska Supreme Court, he failed to inform his clients that his license was suspended and failed to deliver the clients' file to the clients or replacement counsel. The Ellises filed a grievance with the relator against the respondent, and the relator mailed a copy of the Ellises' grievance to the respondent. The respondent failed to respond to the grievance as directed and failed to timely respond to a letter from the relator investigating the grievance and requesting a copy of the case file.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska and violated disciplinary rules §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4 (communications), 3-508.1 (failure to respond to counsel for discipline), and 3-508.4(a), (c), and (d) (misconduct).

*Count II.*

Count II also relates to the respondent's representation of the Ellis family. On July 10, 2019, Kathy and her son, Dalton Ellis, paid the respondent an advance fee and hired him to pursue a claim by Dalton against the University of Nebraska at Omaha. The respondent contacted the university, but failed to provide any documents to his clients and failed to resolve the matter. Sometime after January 1, 2020, the respondent informed the clients that he would be filing suit. However, no suit was filed, and the respondent stopped communicating

- 349 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

with Kathy and Dalton. On June 18, 2021, Kathy and Dalton filed a grievance with the relator against the respondent. The relator mailed a copy of the grievance to the respondent, who did not respond as directed.

On November 9, 2021, the relator sent a letter to the respondent directing him to answer specific questions regarding his representation of Dalton and to provide a copy of his file. The respondent failed to timely respond.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rules §§ 3-501.3 (diligence), 3-501.4 (communications), 3-508.1 (failure to respond to counsel for discipline), and 3-508.4(a) (misconduct).

*Count III.*

Count III relates to the respondent's representation of James Bothmer in a claim against Creighton University. On July 19, 2019, the respondent filed suit on behalf of Bothmer in the district court for Douglas County. After Creighton University filed its answer in August 2019, no further action was taken in the case. On November 18, the district court sent notice that the case would be dismissed in 30 days unless a proposed scheduling order was filed. In December, the district court entered a scheduling order signed by the respondent and opposing counsel. The scheduling order set discovery deadlines and directed the parties to be prepared for a jury trial not later than July 1, 2020. Because the respondent failed to timely prosecute his client's case, amended scheduling orders were entered on May 21, September 2, and December 2. Trial was continued because the respondent had failed to prepare.

After the respondent's license to practice law was administratively suspended on June 7, 2021, the respondent failed to inform his client, the court, and opposing counsel of his suspension.

On June 8, 2021, the district court scheduled a status conference for August 17. The respondent failed to appear at

- 350 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

the status conference, failed to notify the court he would not attend, failed to notify Bothmer that he would not attend on his behalf, and failed to secure substitute counsel for his client. The district court issued a show cause order that directed the respondent to personally appear in court on September 7. The respondent failed to inform Bothmer about the show cause hearing. Ultimately, neither the respondent nor Bothmer attended the hearing on the order to show cause, and the case was dismissed for failure to prosecute.

Bothmer filed a grievance with the relator against the respondent, alleging that the respondent failed to keep him informed about his case, failed to inform him of the respondent's suspension, and made false statements about the status of the case. The relator sent a copy of the grievance to the respondent, and the respondent failed to timely respond.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rules §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4 (communications), 3-508.1 (failure to respond to counsel for discipline), and 3-508.4(a), (c), and (d) (misconduct).

*Count IV.*

Count IV concerns intimate partner violence and arises out of a criminal complaint filed against the respondent on October 26, 2020, in the county court for Douglas County, case No. CR 20-19892. The respondent was charged with five counts: (1) domestic assault, third degree, Class I misdemeanor, on August 27; (2) criminal trespass, first degree, on August 27; (3) criminal mischief, $0 to $500, on September 26; (4) domestic assault, third degree, Class I misdemeanor, on September 26; and (5) criminal trespass, first degree, on September 26. On May 27, 2021, the respondent entered a plea of no contest to an amended count of disturbing the peace, a Class III misdemeanor. All other counts were dismissed. The

- 351 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

respondent was sentenced to 2 years of probation and ordered not to contact the victim. He was also ordered to obtain an evaluation for chemical dependency and a full psychological evaluation. The respondent violated the terms of his probation due to repeated contact with the victim and for testing positive for alcohol and amphetamines. On September 15, 2022, the order of probation was extended to November 1, 2023, and the court imposed additional terms to address his alcohol and chemical dependency and intimate partner violence.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count V.*

Count V arises from the criminal complaint, case No. CR 20-22584, arising from the respondent's later assault of November 27, 2020, on the same victim. On December 11, the respondent was charged with domestic assault, third degree, a Class I misdemeanor.

In May 2021, the respondent entered a plea of no contest to an amended count of disturbing the peace, a Class III misdemeanor. The respondent was sentenced to 2 years of probation. As special conditions of his probation, the respondent was ordered to have no contact with the victim of the assault, obtain an evaluation for chemical dependency, and obtain a full psychological evaluation. On July 15, the State filed a motion to revoke the respondent's probation due to repeated contact with the victim and for testing positive for alcohol and amphetamines. On March 8, 2022, the respondent admitted that he violated the terms of his probation. On September 15, the order of probation was extended to November 1, 2023, and the court imposed additional terms on the respondent.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney

- 352 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count VI.*

Count VI of the amended formal charges alleges that on April 8, 2021, a criminal complaint was filed against the respondent in the county court for Douglas County, case No. CR 21-5801. The respondent was charged with driving under the influence, first offense, a Class W misdemeanor, and careless driving, based on events which occurred on February 7. The respondent entered a plea of no contest to the driving under the influence charge, and the careless driving charge was dismissed. The court ordered the respondent to participate in a sobriety program, but he failed to comply. On March 15, 2022, a bench warrant was issued for his arrest, and the respondent was arrested. He was released from jail on March 25 on his own recognizance. On September 15, the respondent appeared in court for sentencing. He was ultimately fined $500 and sentenced to serve 60 days in the county jail, with credit for 4 days previously served. His sentence was to run concurrently with all other cases in which the respondent was also sentenced that day. His driver's license was revoked for 180 days, with permission to use an ignition interlock device.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count VII.*

Count VII arose out of a criminal complaint filed against the respondent in the county court for Douglas County on June 18, 2021, in case No. CR 21-9839. The respondent was charged with driving during revocation/impoundment, a Class II misdemeanor, and driving a vehicle without a valid registration, a Class III misdemeanor, which events occurred on

- 353 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

May 13. The respondent entered a plea of no contest to the charge of driving during revocation/impoundment, and the registration charge was dismissed. According to the amended formal charges, the respondent appeared in court for sentencing and, in February 2023, was sentenced to serve 120 days in county jail, with credit for 4 days previously served. His sentence was to run consecutively to sentences in cases Nos. CR 22-2694 and CR 21-16749 and concurrently with those imposed in cases Nos. CR 21-10233 and CR 21-5801. His driver's license was also revoked for 365 days.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count VIII.*

Count VIII arises out of a criminal complaint filed against the respondent in the county court for Douglas County, case No. CR 21-10233. The respondent was charged with five counts of violating a domestic violence protection order in May and June 2021. Each count is a Class I misdemeanor. On March 8, 2022, the respondent entered a plea of no contest to all counts. On September 15, the respondent was sentenced to serve 60 days in jail on each of the five counts of violating the protection order. The sentences were ordered to be served concurrently with each other and concurrently with all other cases in which the respondent was sentenced on the same day.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count IX.*

Count IX arises out of criminal proceedings in Douglas County, case No. CR 21-16749. The respondent was charged

with driving during revocation/impoundment, a Class II misdemeanor, and driving a vehicle without a valid registration, a Class III misdemeanor. These charges arose out of events occurring on August 9, 2021. The respondent entered a plea of no contest to the charge of driving during revocation/impoundment, and the no valid registration charge was dismissed. The respondent appeared for sentencing, and he was ultimately sentenced to serve 90 days in the county jail, with credit for 4 days previously served. His sentence was to run consecutively to those imposed in cases Nos. CR 22-2694 and CR 21-9839 and concurrently with his sentences in cases Nos. CR 21-10233 and CR 21-5801. His driver's license was revoked for 1 year.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count X.*

Count X concerns a criminal complaint filed against the respondent that charged him with operating a motor vehicle while intoxicated, more than .15, a Class W misdemeanor; driving during revocation/impoundment, a Class II misdemeanor; and driving with an open alcohol container in his vehicle. The events are alleged to have occurred on December 17, 2021. The respondent's driver's license was revoked for 365 days; he was fined $500; and he was sentenced to serve 60 days in the county jail, with credit for 4 days previously served. This sentence was to run consecutively to his sentences in cases Nos. CR 21-9839 and CR 21-16749 and concurrently with those imposed in cases Nos. CR 21-10233 and CR 21-5801.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by

- 355 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count XI.*

Count XI concerns a criminal complaint filed against the respondent in the district court for Montgomery County, Iowa, case No. OW-CR011520. On September 28, 2021, the respondent was charged with a misdemeanor of operating a motor vehicle while intoxicated, based on his conduct of September 4. On April 8, 2022, a criminal complaint was filed against the respondent in the same Iowa district court, case No. SR-CR011607, charging the respondent with driving while his license was revoked, a misdemeanor, which occurred on March 26.

Pursuant to a plea agreement, the respondent pled guilty to operating a motor vehicle while intoxicated, first offense, and the driving while his license was revoked charge was dismissed by the State. He was fined $1,250 and sentenced to 2 days of incarceration, with credit for his time served in Douglas County.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rule § 3-508.4(a) and (b) (misconduct).

*Count XII.*

Count XII concerns the respondent's representation of Debra Harrison, the defendant in a civil case in Douglas County.

After the respondent's license to practice law was administratively suspended on June 7, 2021, the respondent failed to inform his client or the court of his suspension, and he failed to file a motion to withdraw. He also failed to deliver his client's case file to her.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided

- 356 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

by statute, § 7-104, and violated disciplinary rules §§ 3-501.4 (communications) and 3-508.4(a) and (d) (misconduct).

*Count XIII.*

Count XIII alleges that when the respondent's license was suspended on June 7, 2021, he had several open cases in which he was attorney of record. However, the respondent failed to notify each of his clients of his suspension, failed to deliver the files to the respective clients, failed to notify the trial courts and appellate courts of his suspension, and failed to file a motion to withdraw in the respective cases.

The amended formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by statute, § 7-104, and violated disciplinary rules §§ 3-501.4 (communications) and 3-508.4(a) and (d) (misconduct).

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

- 357 -

Nᴇʙʀᴀsᴋᴀ Sᴜᴘʀᴇᴍᴇ Cᴏᴜʀᴛ Aᴅᴠᴀɴᴄᴇ Sʜᴇᴇᴛs
314 Nᴇʙʀᴀsᴋᴀ Rᴇᴘᴏʀᴛs
STATE EX REL. COUNSEL FOR DIS. v. MAXELL
Cite as 314 Neb. 346

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary court rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2022) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Jᴜᴅɢᴍᴇɴᴛ ᴏғ ᴅɪsʙᴀʀᴍᴇɴᴛ.